**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONGGUAN TESIMAI ELECTRONIC TECHNOLOGY CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Civil Action No. 25-cv-10086 |

## COMPLAINT

Plaintiff, Dongguan Tesimai Electronic Technology Co., Ltd ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against the entities identified on Schedule A hereto (collectively, "Defendants"). Defendants, through online commerce platforms including without limitation Amazon.com, eBay.com, and Walmart.com (collectively, the "Seller IDs"), have infringed, and continue to infringe, on Plaintiffs' United States Patent No. ▓▓▓▓▓ (the "▓▓▓ Patent") by manufacturing, distributing, importing, offering for sale, and/or selling products encapsulating the patented design in violation of 35 U.S.C. § 271 (the "Infringing Products"). Plaintiffs must take immediate action to halt Defendants' ongoing and willful infringement of their patent, and to protect unsuspecting consumers from purchasing potentially dangerous and inferior Infringing Products over the Internet. Plaintiffs have been and continue to be irreparably harmed by Defendants' infringement of Plaintiffs' ▓▓▓ Patent and, therefore, Plaintiffs seek injunctive

1

relief to halt such infringement and irreparable harm. Plaintiffs also seek monetary relief for the injury they have sustained and are sustaining. In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1.      Plaintiff is the sole owner of a U.S. patent shown in **Exhibit 1** (the "Plaintiff's Patent") and licenses to others, rights under the Plaintiff's patent. Plaintiff applied for a patent with the United States Patent and Trademark Office on ███████, and was granted the ███ Patent, on ████████. The patented design represents a novel design to ████████ that allows an ████████ ████ Specifically, the ██████ introduces innovative features not found in existing designs which provide enhanced ████████ mechanisms that were not previously available in the market.

2.       The Plaintiff's licensees design, manufacture, sell, and distribute unique products with innovative patented designs. Plaintiff is also the owner of the U.S. copyrights shown in **Exhibit 2** (the "Plaintiff's Copyrighted Works"). Plaintiff's Patent and Plaintiff's Copyrighted Works are collectively referred to herein as "Plaintiff's Designs". Exhibits 1 and 2 are filed herewith under seal.

3.      Defendants seek to capitalize upon Plaintiff's proprietary intellectual property rights and designs by offering for sale and selling unauthorized and unlicensed infringing ████ (the "Infringing Products").

4.      On information and belief, Defendants design their Internet stores to appear to be selling genuine versions of the patented products, while they are actually selling Infringing Products to unknowing consumers.

5.      The Defendant Internet Stores share unique identifiers establishing a logical relationship between them and reflecting that Defendants' counterfeiting operation arises out of

2

the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their products.

6.      On information and belief, Defendants attempt to avoid liability by going to great lengths to conceal both their identity and the full scope and interworking of their operations. Such efforts include, *inter alia*, changing the names of their stores multiple times, opening new stores, helping others open stores, and making subtle changes to their Infringing Products.

7.      Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's Designs, Defendants' infringement of its copyright-protected works of visual art, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful copyright and patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design and using its copyrighted design as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101 *et seq.*, the Copyright Act, 17 U.S.C. § 101, *et seq.*, and 28 U.S.C. §§ 1338(a), 1331.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive

commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating one or more commercial, e-commerce stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's patented design and copyrighted images. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's patented design and copyrighted images to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

10.     Alternatively, this Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) if any given Defendant is not subject to the jurisdiction of any state's court of general jurisdiction, because exercising jurisdiction over each Defendant is consistent with the United States Constitution and its laws.

11.     Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Illinois, through on-line platforms and storefronts, via on-line marketplace websites such as Amazon.com, Shein.com, Walmart.com, and others (the "Third Party Platforms"), under the Seller IDs, as well as any and all as yet undiscovered accounts with online storefronts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, through which consumers in the United States, including Illinois, can view the one or more of Defendants' online storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders

for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Illinois, as a means for establishing regular business with the U.S., including Illinois.

12.     Upon information and belief, Defendants are sophisticated sellers, operating one or more commercial businesses using their respective storefronts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Illinois.

13.     Upon information and belief, Defendants' online storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S. and into this judicial district.

14.     Upon information and belief, all Defendants accept payment in U.S. Dollars, collect and pay Illinois sales tax, and offer shipping to the U.S., including to Illinois.

15.     Defendants have transacted business with consumers located in the U.S., including Illinois, for the sale and shipment of the Infringing Products.

16.     Upon information and belief, Defendants are deliberately employing and benefiting from coordinated paid advertising and marketing strategies in order to make their storefronts selling illegal goods appear more relevant and attractive to search result software across an array of queries. By their actions, Defendants are causing concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs of their right to fairly compete for space within

the various on-line marketplace search results and reducing the visibility of genuine Plaintiffs' products on various on-line marketplaces and/or diluting and driving down the retail market price for the (ii) causing an overall degradation of the value of the goodwill associated with Plaintiffs' works and goods; and (iii) increasing Plaintiffs' overall cost to market their goods and educate consumers about their brand and products.

17.     Defendants are concurrently targeting their infringing activities toward consumers and causing harm in Illinois.

18.     Upon information and belief, many Defendants reside and/or operate in and/or purchase the illegal goods from foreign jurisdictions with lax or nonexistent intellectual property enforcement systems.

19.     Upon information and belief, Defendants are aware of Plaintiffs' products and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiffs in the United States, in Illinois and in this judicial district specifically, as Plaintiffs conduct substantial business in Illinois.

**<u>Venue</u>**

20.     Venue is proper in this Court under 28 U.S.C. § 1400(b), the specific venue statute for patent infringement actions which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement."

21.     Additionally, venue is proper under 28 U.S.C. § 1391(b)(2) which authorizes civil action to be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

22.     Here, Plaintiffs' infringement investigation centered not only on the sale of products with substantially similar patterns to their █████ Patent, but also the state in which

6

Defendants were selling the Infringing Products - Illinois. Therefore, Defendants have committed acts of infringement in the forum and a substantial part of the events giving rise to Plaintiffs' claims occurred within this forum.

23.     As discussed above and shown in Plaintiffs presented evidence attached as **Exhibit 3**, each of the Defendants offers for sale products infringing upon Plaintiffs' Design to consumers in the forum. Select screenshots of Plaintiffs' evidence demonstrates that Defendants were and are offering for sale and/or selling Infringing Products in this forum. This exemplary evidence is included in the table below:

| DOE | Evidence |
|---|---|



| DOE | Evidence |
|-----|----------|



24.     Each Defendants' offering of Infringing Products for sale within this forum is a substantial part of Plaintiffs' claims and establishes a proper venue in this district. Further, Defendants are not prejudiced by Plaintiffs' selection of venue, as they may have the right to file a motion, after receiving notice of the case, contesting venue and explaining why the case should be dismissed or transferred.

25.     Venue in this district is further justified by 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1391(c)(3). Section 1391(b)(3) states "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" is an appropriate venue. In addition to being subject to personal jurisdiction before this Court arising from their tortious acts within the

forum, Defendants are foreign companies who do not reside in any other United States judicial district, as provided for in Section 1391(b)(1); meaning that if the Court rejects Plaintiffs' claims of substantiality, venue is not otherwise provided for under Section 1391(b) and is appropriate here as this Court has personal jurisdiction over Defendants.

26.     Accordingly, venue is proper before this Court either because a substantial part of events giving rise to Plaintiffs' claims occurred in the district, or else because Defendants do not reside in any State and are subject to this Court's exercise of personal jurisdiction, or else because Defendants are nonresidents of the United States.

27.     For the reasons stated above, venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants. In short, each of the Defendants is committing tortious acts in Illinois via offering for sale and/or sale of their infringing goods through their online marketplaces, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in Illinois.

## THE PARTIES

**Plaintiff Dongguan Tesimai Electronic Technology Co., LTD.**

28.     Plaintiff Dongguan Tesimai Electronic Technology Co., LTD. ("Plaintiff") is a Chinese Corporation with a principal place of business in the People's Republic of China.

29.     Plaintiff is the sole owner of Plaintiff's Patent which is valid, enforceable, and is entitled to a presumption of validity under 35. U.S.C. § 282.

30.     Plaintiff's licensees market and sell high-quality, innovatively designed, products that embody the ornamental designs claimed in the Plaintiff's patent, (the "Patented Products").

31.     Plaintiff is the owner of the Copyrighted Works asserted in this action, which is registered with the U.S. Copyright Office (Plaintiff's "Copyrighted Works").

32.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and publicly display Plaintiff's Copyrighted Works.

33.     Defendants are individuals and business entities who reside in foreign jurisdictions. Defendants conduct business or assist in business activity conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of the Infringing Products using counterfeit and infringing versions of Plaintiff's patent and copyrights. Each Defendant has targeted the United States, including Illinois specifically, by selling or offering for sale, or knowingly assisting in the selling or offering for sale, Infringing Products to U.S. consumers, including consumers located in Illinois, via various online stores.

**Defendants**

34.     Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions. Defendants conduct business or assist in business conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of products that incorporate counterfeit and infringing versions of Plaintiff's Designs. Defendants conduct business, or assist in business conducted, throughout the United States (including within the State of Illinois and this Judicial District) through the public display, online advertising and selling, and importation and distribution, of items that incorporate counterfeit and otherwise infringing versions of Plaintiff's Designs. Each Defendant has targeted Illinois by selling or offering to sell, or knowingly assisting in selling or offering to sell, the Infringing Products to Illinois consumers through various online retail platforms. Each Defendant

10

has targeted Illinois by selling or offering to sell or knowingly assisting in the selling or offering to sell, Infringing Products to Illinois consumers via various online stores.

### DEFENDANTS' UNLAWFUL CONDUCT

35.     Plaintiff's business success has resulted in significant infringement of Plaintiff's Designs. Consequently, Plaintiff maintains an anti-counterfeiting program and investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Plaintiff has identified hundreds of fully interactive e-commerce stores, including the Defendant Internet Stores, offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States.

36.     According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2023 was over $2.7 billion. (See **Exhibit. 4** at 2). Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. (See **Exhibit. 5** at 8).

37.     E-commerce retail platforms such as those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to regularly use false names and addresses when registering with these e-commerce retail platforms.

38.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores aliases identified Schedule A attached hereto, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, having sold Infringing Products to residents of Illinois.

39.     Defendants employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal. Defendant Internet Stores often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use, produce, copy, distribute, or publicly display Plaintiff's Designs, and none of the Defendants are authorized retailers of genuine versions of Plaintiff's Products.

40.     Upon information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading, and/or incomplete information to e-commerce platforms. Upon information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

41.     Upon information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products on e-commerce platforms such as Amazon, Walmart, Temu, and others. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

42.     Even though operating under multiple fictitious aliases, unauthorized on-line retailers such as the Defendant Internet Stores often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other identifying information and likewise omit other seller aliases that they use. Further, such unauthorized retailers

12

include other notable common features on their internet stores such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, similarities in price and quantities, and/or the use of the same text and images. Further, infringing products offered for sale by unauthorized retailers such as the Defendant Internet Stores often bear irregularities and indicia of being counterfeit that are similar to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that these unauthorized retailers are interrelated.

43.     Groups of counterfeiters such as Defendants here are typically in communication with each other. They regularly participate in WeChat chat rooms, and also communicate through websites such as sellerdefense.cn and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and new lawsuits. (See **Exhibit 6**).

44.     Counterfeiters such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operation in spite of enforcement efforts. Analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. Here, on information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court. On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their counterfeiting and other infringement of intellectual property rights.

45.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for

sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use infringing and illicit copies of Plaintiff's Designs in connection with the reproduction, public display, advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including Illinois, over the Internet.

46.     Defendants operate at least the online marketplace accounts identified in Schedule A and engage in the unauthorized reproduction, public display, and distribution of Plaintiff's Designs and/or works substantially similar thereto at least through said internet stores.

47.     Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Designs is irreparably harming Plaintiff.

## JOINDER OF DEFENDANTS

48.     Defendants appear to be an interrelated group of counterfeiters and infringers, who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine versions of the Patented Products, while they are actually selling inferior, unauthorized imitations of the Patented Products. The Defendant Internet Stores share unique identifiers, such as the following: common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, the same accepted payment methods, the same check-out methods, the same dearth of contact information, and identically or similarly priced counterfeit products and volume sales discounts. The foregoing similarities establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operations make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of

their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' INFRINGING ACTIVITIES

49.     E-commerce retail platforms such as those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to regularly use false names and addresses when registering with these e-commerce retail platforms.

50.     Defendants facilitate sales of the Infringing Products by designing their on-line storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendants' online storefronts appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal.

51.     On information and belief, Defendants operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operating in spite of enforcement efforts.

52.     Defendants often include on their on-line storefronts content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

53.     Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicators of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

54.     On information and belief, Defendants have engaged in fraudulent conduct when registering their on-line storefronts by providing false, misleading, and/or incomplete information to Amazon, Walmart, and other on-line platforms.

55.   On information and belief, Defendants have anonymously registered and maintained aliases to prevent discovery of their true identity and the scope of their e-commerce operation.

56.   On information and belief, Defendants also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.

57.   On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling infringing products on e-commerce platforms such as Amazon, Temu, Walmart, and others. On information and belief, such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identity and the full scope and interworking of their operation, and to avoid being shut down.

58.   Infringers such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operating in spite of enforcement efforts. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the Defendant Internet Stores

59.   Analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

60.   Here, on information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court.

61.     On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment that they may be liable for due to their infringement of intellectual property rights.

62.     On information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully infringed Plaintiff's Designs in connection with the offer for sale, use and/or manufacturing of Infringing Products and distribution, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet.

63.     Defendants' unauthorized use and/or manufacturing of the ornamental designs claimed in Plaintiff's Designs in connection with the distribution, advertising, and offering for sale of Infringing Products, including the sale of Infringing Products into the United States, including Illinois, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers, loss of market share, and erosion of Plaintiff's rights, and is irreparably harming Plaintiff.

64.     Upon information and belief, prior to and contemporaneous with their counterfeiting and infringement actions alleged herein, Defendants had knowledge of the popularity and success of the Patented Products, and in bad faith proceeded to make, use, offer for sale, sell, and/or import the Infringing Products.

65.     Defendants have been engaging in the illegal counterfeiting and infringement actions alleged herein knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's patent rights, and otherwise in bad faith.

## COUNT I
## PATENT INFRINGEMENT
## (35 U.S.C. § 271)

66.     Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

67.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent.

68.     Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe Plaintiff's Patent.

69.     In the eye of an ordinary observer, the design of Defendants' Infringing Products and the designs claimed in Plaintiff's Patent are substantially the same. The similarities between Plaintiff's Products and the Infringing Products deceives prospective purchasers and induces them to purchase Defendants' products supposing them to have been sourced from the inventor.

70.     Defendants' Infringing Products misappropriate the novelty of the designs claimed in Plaintiff's Patent that distinguished Plaintiff's patented designs from the prior art.

71.     Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental designs claimed in Plaintiff's Patent.

72.     Defendants have infringed Plaintiff's Patent through the acts complained of herein and will continue to do so unless enjoined by this Court.

73. Defendants have had constructive notice of Plaintiff's rights in Plaintiff's Patent because the Patented Products are marked with the patent number.

74. Defendants' infringement of Plaintiff's Patent has been willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

75. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283 to halt Defendants' infringement of Plaintiff's Designs, which has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful rights under U.S. patent law to exclude others from making, using, selling, offering for sale, and importing the designs claimed in Plaintiff's Patent.

76. Plaintiff is entitled to recover damages adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's Patent, including Defendants' profits pursuant to 35 U.S.C. § 289.

77. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284 which should include no less than a reasonable royalty.

## COUNT II
## COPYRIGHT INFRINGEMENT

78. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

79. Plaintiff's Copyrighted Works constitute creative, original works of authorship, fixed in a tangible medium of expression, and protectable under U.S. copyright law. *See* 17 U.S.C. § 102.

80. Plaintiff is the owner of valid and enforceable copyrights in Plaintiff's Copyrighted Works.

81. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for

Plaintiff's Copyrighted Works and has obtained valid copyright registrations for Plaintiff's Copyrighted Works.

82. Defendants do not have any ownership interest in Plaintiff's Copyrighted Works.

83. Defendants had access to the Plaintiff's Copyrighted Works via the internet.

84. Without authorization from Plaintiff, or any right under the law, Defendants have, *inter alia*, willfully copied, reproduced, publicly displayed, and distributed, products incorporating Plaintiff's Copyrighted Works, in connection with their operation of the Defendant Internet Stores.

85. Defendants' Infringing Products incorporate works that are virtually identical to and/or are substantially similar to Plaintiff's Copyrighted Works.

86. Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's copyright in Plaintiff's Copyrighted Works in violation of 17 U.S.C. § 501(a). *See also* 17 U.S.C. §§ 106(1), (3), (5).

87. Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiff's Copyrighted Works through their receipt of substantial revenue, including substantial profit, driven by sales of their Infringing Products.

88. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Infringing Products that include Plaintiff's Copyrighted Works.

89. Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

90. Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

91. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

92. In light of the foregoing, and as contemplated by 17 U.S.C. § 502, Plaintiff seeks temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and entry of an Order directing as follows:

(1) Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

      (a) making, using, importing, offering for sale, and selling any products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the designs claimed in Plaintiff's Designs;

      (b) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

      (c) aiding, abetting, contributing to, or otherwise assisting anyone in infringing Plaintiff's Designs.

(2) Directing that Defendants deliver for destruction all products that include the designs claimed in Plaintiff's Designs as well as all means for making such designs.

(3)      Entering an Order that all banks, savings and loan associations, other financial institutions, payment processors, on-line marketplaces, and other third-parties who are in active concert or participation with Defendants, shall, within two (2) business days of receipt of an Order entered by this Court:

>   (a)      Locate all accounts connected to Defendants, including, but not limited to, any Amazon or Walmart accounts;
>
>   (b)      Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and
>
>   (c)      Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of such Order.

(4)      Entering an Order that, until Plaintiff has recovered full payment of monies owed to it by Defendants, in the event that any new financial accounts controlled or operated by Defendants are identified, Plaintiff shall have the ongoing authority to direct any banks, savings and loan associations, other financial institutions, payment processors, and on-line marketplaces, including, without limitation, Amazon, Walmart, and other platforms, with whom such newly identified accounts are maintained, to carry out the following activity:

>   (a)      Locate all accounts connected to Defendants, including, but not limited to, any Amazon or Walmart accounts;
>
>   (b)      Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and
>
>   (c)      Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of this Order.

(5)    Judgment be entered against Defendants finding that they have infringed upon Plaintiff's patent.

(6)    Judgment be entered against Defendants finding that infringement of Plaintiff's patent has been willful.

(7)    That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

(8)    Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of upon Plaintiff's patent.

(9)    A finding that this case is exceptional under 35 U.S.C. § 285. Awarding Plaintiff such damages as it may prove at trial adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's Designs, and awarding Plaintiff all of the profits realized by Defendants, or others who are or were acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of Plaintiff's Designs.

(10)    Alternatively, awarding Plaintiff statutory damages for its copyright claim.

(11)    Awarding Plaintiff all other damages that it may be entitled to under applicable law.

(12)    Awarding Plaintiff its costs in bringing this action.

(13)    Awarding Plaintiff any further relief that this Court deems just and proper.

Date: August 22, 2025                                    Respectfully submitted,


                                                         By: /s/ Shengmao Mu
                                                         Abby Neu, ARDC # 6327370
                                                         Shengmao (Sam) Mu, NY #5707021
                                                         Keaton Smith, ARDC # 6347736
                                                         Michael Mitchell, ARDC #6324363
                                                         **WHITEWOOD LAW PLLC**
                                                         57 West 57th Street, 3rd and 4th Floors
                                                         New York, NY 10019
                                                         Telephone: (917) 858-8018
                                                         Email: smu@whitewoodlaw.com

                                                         *Counsel for Plaintiff*